# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60314

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2025

Lyle W. Cayce
Clerk

Richard Matthew Moore,

*Plaintiff—Appellant*,

*versus*

Itawamba County, Mississippi; Justice Court Judge Harold Holcomb, *in his official and personal capacities*; Sheriff Mitchell Nabors, *in his official and personal capacities*; Bradford Nabors, *in his official and personal capacities*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:25-CV-12

———————————————————————

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Richard Matthew Moore filed a 42 U.S.C. § 1983 complaint seeking monetary, declaratory, and injunctive relief for violations of his constitutional rights stemming from two state lawsuits filed against Moore "in retaliation for statements" he made in a YouTube video concerning two of the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

defendants. The district court dismissed Moore's complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and as barred by the immunity doctrine. Moore moves this court to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Moore will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

With minimal briefing, Moore reasserts his constitutional claims against the defendants before this court. At no point, however, does Moore challenge the district court's determination that it lacked subject matter jurisdiction over his complaint under the *Rooker-Feldman* doctrine.[1] Although he does assert that the defendants acted "under color of law" and that his claims are not barred by judicial immunity, Moore's arguments are wholly conclusional. The claims are therefore deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, Moore has failed to show a nonfrivolous issue with respect to the district court's dismissal of his § 1983 complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).